IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Alicia Wyatt, | ) | |
| | ) | Civil Action No. 4:17-cv-1988-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Alicia Wyatt ("Wyatt") brought this action pursuant to the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 22).[1] In the Report, the magistrate judge sets

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

forth the relevant facts and legal standards, which are incorporated herein by reference. Wyatt filed objections to the Report[2] (ECF No. 27), and the Commissioner responded to those objections (ECF No. 34). Accordingly, this matter is now ripe for review.

## BACKGROUND

On May 15, 2014, Wyatt applied for DIB and SSI, alleging a disability onset date of May 24, 2009. (ECF No. 9-2 at 23). These claims were denied both initially and on reconsideration by the Social Security Administration ("SSA"). *Id.* Wyatt then requested a hearing before an Administrative Law Judge ("ALJ"), and on July 22, 2016, the ALJ conducted a hearing on Wyatt's claims for DIB and SSI. *Id.* Wyatt was represented by counsel at the hearing. *Id.* On September 23, 2016, the ALJ issued an opinion finding that Wyatt was not disabled. *Id.* at 23–32.

In his decision, the ALJ found Wyatt met the insured status requirements under the Act through December 31, 2014, and that she had not engaged in substantial gainful activity since May 24, 2009, the alleged onset date of disability.

---

[2] Objections were originally due on November 28, 2018. (ECF No. 22). After no objections were filed by that date, the court reviewed the Report for clear error, and, finding none, adopted the Report of the magistrate judge on November 29, 2018. (ECF No. 24). The next day, Wyatt filed a motion for reconsideration (ECF No. 26) and attached her objections (ECF No. 27). The court found that Wyatt's failure to file timely objections constituted excusable neglect and that Defendant would not be prejudiced by reopening the case. (ECF No. 31). Accordingly, the court vacated its prior order adopting the Report (ECF No. 24) and allowed Defendant time to respond to the objections. (ECF No. 31).

2

*Id.* at 25. The ALJ further found that Wyatt suffered from the following severe impairments: fibromyalgia and depression with anxiety. *Id.* Furthermore, the ALJ found that Wyatt's alleged headaches and vertigo were non-medically determinable impairments. *Id.* at 25–26. In reviewing all of Wyatt's impairments, the ALJ concluded that Wyatt did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 26. Additionally, the ALJ calculated Wyatt's residual functional capacity ("RFC") and determined that she could perform light work with various limitations.[3] *Id.* at 27. Based on this RFC, the ALJ determined that Wyatt is unable to perform her past relevant work as a loan clerk or teller. *Id.* at 30. However, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [she] can perform" such as being a small parts assembler, mail clerk, or housekeeper. *Id.* at 31. Accordingly, the ALJ determined that Wyatt was not disabled as defined in the Social Security Act. *Id.*

Wyatt subsequently appealed to the Appeals Council. The Appeals Council denied Wyatt's request for review. *Id.* at 2–6. Therefore, the ALJ's decision

---

[3] Specifically, the ALJ found that Wyatt could sit, stand, or walk six hours of each day; could pull or push the same amounts as she can lift or carry; could operate hand controls with the left upper extremity frequently; could frequently finger with the left hand; could never climb ladders, ropes or scaffolds; could frequently balance; could have occasional exposure to unprotected heights and moving machine parts; and could sustain concentration, persistence and pace sufficient to perform simple routine tasks. (ECF No. 9-2 at 27).

became the final decision of the Commissioner. This action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at

1157–58.

## DISCUSSION

The magistrate judge filed a Report, recommending that the decision of the Commissioner be affirmed. (ECF No. 22). In her objections, Wyatt asserts that that the magistrate judge did not address the ALJ's failure to explain the RFC calculation in relation to concerns of concentration, persistence, and pace and did not address the "errors the ALJ made in his evaluation of Wyatt's fibromyalgia." (ECF No. 27 at 2–4).

The court agrees that the ALJ did not adequately explain how he arrived at his conclusions regarding Wyatt's limitations regarding concentration, persistence, and pace. At step two in his analysis, the ALJ specifically determined that "[w]ith regard to concentration, persistence, or pace, the claimant has moderate difficulties" and that Wyatt "has difficulties maintaining concentration." (ECF No. 9-2 at 26). However, when he calculated Wyatt's RFC at step four, the ALJ determined that "claimant is able to sustain concentration, persistence, and pace sufficient to perform simple routine tasks." *Id.* at 27. As the magistrate judge noted, such a determination does not account for a claimant's limitation in concentration, persistence, and pace. (ECF No. 22 at 22) (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). However, the magistrate judge, relying on *Sizemore v. Berryhill*, 878 F.3d 72 (4th Cir. 2007), determined that the ALJ's

5

explanation of his RFC calculation showed that the medical evidence supported a conclusion that the moderate difficulties in concentration, persistence, and pace, did not translate into limitations in the RFC, and that, therefore, the ALJ's decision was supported by substantial evidence. (ECF No. 22 at 27).

While the court agrees with the magistrate judge that remand is not necessary if an ALJ thoroughly explains in his RFC calculation why the difficulties in concentration, persistence, and pace did not translate into further limitations in the RFC findings, the court agrees with Wyatt that, here, the explanation from the ALJ is "lacking in the analysis needed for [it] to review meaningfully [his] conclusions." *See Mascio*, 780 F.3d at 636 – 37. First, this case is distinguishable from *Sizemore*, where the ALJ assigned significant weight to various medical opinions and relied on those opinions in determining that the claimant's limitations in concentration, persistence, and pace did not translate into the claimant being unable to "*stay on task* while performing 'simple one, two-step tasks' as long as he was 'working in low stress non-production jobs with no public contact.'" *Sizemore*, 878 F.3d at 81 (emphasis in original). Because those limitations were then accounted for in the RFC and because the ALJ provided a logical bridge between the medical evidence and his determination that the moderate difficulties in concentration, persistence, and pace did not translate into further limitations in the RFC, the Fourth Circuit determined that remand was not required under *Mascio*.

*Id.*

In other words, in calculating the RFC, the ALJ "must both identify the evidence that supports his conclusion and build an accurate and logical bridge from that evidence to his conclusion." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see also Perry v. Berryhill*, No. 18-1076, 2019 WL 1092627, at *2 (4th Cir. Mar. 8, 2019). Here, the ALJ gave partial weight to a variety of medical opinions, including the opinions of treating physician, Dr. Wiley; of psychological consultative examiner, Dr. Leporowski; and of an unidentified physician at AnMed Behavioral Health.[4] (ECF No. 9-2 at 29). The ALJ also gave partial weight to the physical and mental assessments of the State agency medical and psychological consultants and to the GAF (Global Assessment of Functioning) scores on record. *Id.* However, in assigning each of these pieces of evidence partial weight, the ALJ did not explain which parts of the opinions, assessments, and scores he was relying on versus which parts he was discounting. Accordingly, he did not specifically identify what evidence he was relying on in reaching his RFC findings. Furthermore, the ALJ did not make any logical bridge between his assessments of this evidence and why he believed that claimant's moderate difficulties in concentration, persistence, and pace did not translate into further limitations in the

---

[4] The ALJ referred to this opinion as the "opinion in treating notes dated July 13, 2016" and referenced Exhibit 15F. (ECF No. 9-2 at 29). The court cannot discern the name of the physician that signed this exhibit.

RFC. Without such explanation, the court is unable to meaningfully review the ALJ's conclusions to determine if substantial weight supports the decision of the Commissioner. Accordingly, the court finds that remand pursuant to *Mascio* is required.[5]

## CONCLUSION

Having conducted the required *de novo* review of the issues to which Wyatt has objected, the court respectfully declines to adopt the Report (ECF No. 22) for the reasons stated herein. The court cannot determine whether the Commissioner's decision is supported by substantial evidence, and accordingly, the Commissioner's final decision is **REVERSED and REMANDED** for further review**.** Although concluding that remand is warranted, this court expresses no opinion as to the ultimate disability issue.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 29, 2019

---

[5] Because the court's determination that remand is warranted based on the errors in the RFC calculation, the court declines to address Wyatt's other objections to the Report.